**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ECLIPSE RESOURCES-OHIO, LLC, *et al.*, : | |
| : | Case No. 15-CV-177 |
| Plaintiffs/Counter-Defendants, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| SCOTT A. MADZIA, *et al.*, : | |
| : | |
| Defendants/Counter-Claimants. : | |

**OPINION & ORDER**

There are four motions before the Court: (1) Plaintiffs/Counter-Defendants Eclipse Resources – Ohio, LLC, and Eclipse Resources I's (collectively, "Eclipse") Motion to Strike Defendant's Second Amended Counterclaims (Doc. 115); (2) Counter-Defendant XTO Energy, Inc.'s Motion to Strike Answer to Amended Complaint, Counterclaim (Doc. 118); (3) Eclipse's Motion to Compel Discovery Response Or, Alternatively, Motion for Leave to Exceed Interrogatory Limit, and Motion to Compel Deposition (Doc. 127); and (4) Eclipse's Motion for Third Status Conference. For the reasons that follow, the former two motions are **GRANTED in part and DENIED in part**, and the latter two are **DENIED as MOOT.**

**I. BRIEF BACKGROUND**

This is a contract dispute concerning the rights and responsibilities of parties to an oil and gas lease. In response to Plaintiffs' Complaint (Doc. 1), Defendant/Counter-Claimant Scott A. Madzia filed an Answer and Counter-Claim (*see* Doc. 8 beginning at 10). Following amendments and various rounds of briefing, on March 2, 2016, the Court granted Eclipse's Motion to Dismiss Madzia's amended counterclaims (Doc. 26), including a claim relating to an

1

affidavit Eclipse submitted to the Ohio Department of Natural Resources ("ODNR") ("the Affidavit"). (*See* Doc. 84 at 26.)

On April 8, 2016, Madzia filed a Motion for Leave to File Second Amended Counterclaim (Doc. 92), which the Court granted on July 5, 2016. (*See* Doc. 107.) In so doing, the Court vacated its prior finding that Eclipse's submission of the Affidavit to ODNR did not violate Ohio Rev. Code § 1509.08. (Doc. 107 at 11.) The Court thus granted Madzia leave to file his Second Amended Counterclaim ("the counterclaim") only as to the Court's vacating its § 1509.08 finding. Thereafter, on July 14, 2016, the Court held a status conference, during which it advised Madzia's counsel that he would be able to amend only those claims relying on the Court's vacating its finding that Eclipse's submission of the Affidavit to ODNR was not a § 1509.08 violation.

On July 22, 2016, Madzia filed the counterclaim (Doc. 113). On August 5, 2016, Eclipse filed its Motion to Strike (Doc. 115), alleging that Madzia's counterclaim exceeded the scope of the Court's leave to amend. That same day, XTO filed its Motion to Strike, incorporating Eclipse's motion in full, and also argued specifically that the counterclaim revived claims and factual allegations against it that had already been dismissed. On September 29, 2016, Eclipse filed its Motion to Compel Discovery (Doc. 127). Finally, on October 13, 2016, Eclipse filed its Motion for Third Status Conference (Doc. 131).

## II. DISCUSSION

The Court was clear in its July 5, 2016 Order and July 14, 2016 status conference that Madzia was granted leave to amend only those claims relying on Eclipse's submission of the

Affidavit to ODNR, and that the Court's vacating its prior finding thereto was limited to that discrete issue, leaving the Court's prior legal findings undisturbed.[1] (*See* Doc. 107 at 11.)

Those prior findings include the Court's dismissal of Counts I (trespass), II (declaratory judgment), VI (promissory estoppel), VII (unjust enrichment), and X (tortious interference) of the counterclaim. (Doc. 84, *passim*.) Plausibly left pending were all or part of Counts III, IV, V, VIII, IX, and XI. (*Id.*)

Nonetheless, and despite clear instruction from the Court, Madzia's Second Amended Counterclaim includes claims not related to the Affidavit, including claims related to a subsurface easement that was entered into prior to Eclipse's submission of the Affidavit to ODNR. Madzia asserts:

> Though the July 5, 2016 Opinion & Order only specifically addresses the claims directly related to the fraudulent use of the Coal Affidavit, the claims in the Second Amended Counterclaim are all inextricably linked: If the parties had not executed the Subsurface Easement, Madzia would not have refused to sign a second coal affidavit, and the Eclipse Entities would not have needed to violate the law by submitting the Coal Affidavit.

(Response in Opp'n, Doc. 121 at 9.) This is confounding. Characterizing activities that happened prior to Eclipse's submission of the Affidavit to ODNR, (which is the *only* finding the Court disturbed), as "inextricably linked" (much less in any way consequential) to the propriety of Eclipse's submission of the Affidavit is, charitably speaking, fanciful.

Madzia submits that he should be able to include claims well outside the scope of those relying on Eclipse's submission of the Affidavit to ODNR because, as the Court found in its July 5, 2016 Order, the Court's prior finding as to the Affidavit was "based on an incomplete record."

---

[1] MR. NEUMAN: I wouldn't expect we're now going to file something with more detail, though, as the first amended, yes.
 MR. SILVERMAN: But it would not reassert those claims which Judge Frost has dismissed which Judge Marbley's opinion does not affect.
 THE COURT: That's right. That's the law of the case.
(Tr. of Status Conference, Doc. 114 at 12-13.)

(Doc. 114 at 9.) Madzia contends that "the Second Amended Counterclaim incorporates facts learned by Madzia in the course of discovery." (*Id.*) Nowhere does Madzia demonstrate what those facts are. Such demonstration would be welcome because, as far as the Court sees it, the only incompleteness in the record dealt with the propriety of Eclipse submitting the Affidavit to ODNR, which is the finding on the narrow issue that the Court vacated, and is the only finding that the Court allowed a second amended counterclaim to encompass.

Pursuant to the law-of-the-case doctrine, and as parties are fully aware, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983) (dictum)). Although a court may "depart from a prior holding," it may do so only "if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. at 618 n.8.

Madzia has posited no argument as to why any of the Court's prior findings of law, including its findings dismissing several claims unrelated to the Affidavit, are clearly erroneous or would work a manifest injustice. As such, the Court will not consider any revived claims that have already been adjudicated and do not rely on Eclipse's submission of the Affidavit. Other courts regularly deny amended complaints that attempt to revive settled claims. *See, e.g. West v. United States Sec'y of Transp.*, 2007 WL 1960616, at *1 (W.D. Wash. July 2, 2007) ("Plaintiff may not attempt to revive claims that have been dismissed and Plaintiff's motion for leave to amend his complaint to revive claims that have been dismissed is DENIED."); *Jagla v. LaSalle Bank*, 2006 WL 1543924, at *2 (N.D. Ill. May 31, 2006) ("At the outset, [the plaintiff's] motion for leave to amend the complaint must be denied to the extent he seeks to revive previously-dismissed claims.") (citing *Fraternal Order of Police Hobart Lodge No. 121, Inc. v. City of*

*Hobart*, 864 F.2d 551, 557 (7th Cir. 1988)). Madzia is going for the proverbial second bite of the apple, wasting the Court's judicial resources and straining the Court's credulity while so doing.

As such, the Court **GRANTS in part and DENIES in part** Eclipse's and XTO's Motions to Strike Defendant's Second Amended Counterclaim, **STRIKING** Counts I, II, and V of Madzia's counterclaim.

### III. CONCLUSION

The Court **GRANTS in part and DENIES in part** Eclipse's and XTO's Motions to Strike Defendant's Second Amended Counterclaim, **STRIKING** Counts I, II, and V of Madzia's counterclaim. The Court **DENIES as MOOT** Eclipse's Motion to Compel Discovery Response (Doc. 127), and Eclipse's Motion for Third Status Conference (Doc. 131).

**IT IS SO ORDERED.**

    <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: November 4, 2016**